DA 06-0540

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 134N

JIM J. SCHACHER, in his capacity as personal
representative of the Estate of PATRICIA M. SCHACHER,

      Plaintiff and Appellant,

    v.

JANIS CATES, f.k.a. JANIS CHURCHILL,
f.k.a. JANIS TAYLOR,

      Defendant and Respondent.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV-06-26
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Quentin M. Rhoades; Sullivan, Tabaracci & Rhoades,
Bozeman, Montana

      For Respondent:

      (No Respondent's brief filed)

                        Submitted on Briefs:  March 28, 2007

                                      Decided:  June 5, 2007

Filed:

_____
                            Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Twentieth Judicial District Court, Lake County, dismissed this action on grounds that it lacked jurisdiction over the subject matter. Jim J. Schacher appeals. We affirm.

¶3    The issue is whether the District Court erred in dismissing the complaint on grounds that it lacked subject matter jurisdiction to adjudicate the claims.

¶4    Jim J. Schacher (Schacher) is the personal representative of the Estate of Patricia M. Schacher (Estate), which is being probated in Oregon. Schacher filed this action seeking a declaratory judgment and imposition of a constructive trust against the assets of Janis Cates, a Montana resident. Schacher claims that, before her death, Patricia M. Schacher transferred to Cates funds which are properly part of the Estate.

¶5    Cates filed an answer to the complaint and moved to dismiss it under M. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Without holding a hearing, the District Court dismissed the case under M. R. Civ. P. 12(h)(3), which provides "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The court stated it did

not have jurisdiction to rule on the validity of an Oregon will, codicils and disbursements under that will and an Agreement to Execute Wills by two Oregon residents when matters regarding the Estate already had been raised properly in Oregon courts.

¶6 Schacher then filed a motion for relief from the order based on lack of notice and a hearing and for the lack of any express rationale for dismissal. The District Court held a hearing on that motion and later denied the motion in a short written order, stating subject matter jurisdiction was lacking.

¶7 On appeal, Schacher argues that, under the Uniform Probate Code, Montana courts have full power to hear an action by a foreign personal representative to determine title to assets claimed by a foreign estate. *See* §§ 72-3-613 and 72-4-310, MCA. He did not, however, support his complaint with any claim that the Oregon court has determined the assets he seeks are part of the Estate. There is no dispute that the Oregon court has subject matter jurisdiction over the Estate.

¶8 We hold the District Court did not err in dismissing the complaint on grounds that it lacked subject matter jurisdiction to adjudicate the claims. Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART